IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAMUEL RANDALL, | Case. No. 6:25-cv-2357-MC |
| | Case No. 6:25-cv-2358-AP |
| | OPINION & ORDER |
| Plaintiff, | |
| v. | |
| DOJ CHILD SUPPORT, DISTRICT ATTORNEY CATHERINE DAVIS CASE#21DR15654, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Samuel Randall, proceeding pro se, brings two related actions seeking to challenge the state's garnishment of Randall's Social Security benefits pursuant to a state court child custody decree. In the first action, Randall names DOJ Child Support and District Attorney Catherine Davis as Defendants.[1] 25-cv-2357. In the second case, Randall names another attorney (in addition to the DOJ Child Support Program). 25-cv-2358. Other than the different attorney named in each case, the two Complaints, and additional documents, appear to be identical.

In both cases, Randall seeks leave to proceed *in forma pauperis* and moves for emergency injunctive relief. This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay

---

[1] Unless clarified otherwise, all citations to the record are to Randall's first-filed case, 25-2357.

1 – Opinion & Order

court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

In his motion for a TRO, Randall "moves this Court for a TRO and Preliminary Injunction, exempting him from child support payments due to financial hardship." Mot. TRO 1; ECF No. 3. Plaintiff notes that he: "is currently subject to child support enforcement actions by the State of Oregon Department of Justice"; has medical conditions that prevent him from working; has filed an ethics complaint against the state's attorney; and has filed an administrative challenge to the state court's child custody order. *Id.* 1–2. Randall requests injunctive relief "exempting him from child support payments and returning all funds that have been withheld and enjoining the State of Oregon, DOJ, from taking further enforcement actions." *Id.* 4. There are numerous fatal flaws barring not only Randall's motions for injunctive relief, but the claims Randall brings in the two actions.

First, federal courts generally are prohibited from interfering in issues of domestic relations. This exception specifically applies to issues involving child custody, alimony, and divorce decrees. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992). The domestic relations exception applies to a state's "award of child support." *Bobo v. Tulare Cnty,* 2014 WL 4243785 at *1 (D. Or. Aug. 26, 204). As Randall clearly seeks to challenge a state court order regarding child support, he must bring any challenges to that order in state court. Indeed, as Randall notes that "an administrative review is pending" in state court, he appears to have done just that.[2] The problem, as outlined below, is that Randall filed these actions in an attempt to create a dual-track

---

[2] Randall attached to his Complaint his appeal submitted to the Administrative Review Unit. Compl. Ex. C; ECF No. 1-2. In that appeal, Randall demonstrates that he raised all the issues he raises here below. For example, Randall argued in his administrative appeal below that the state court lacked jurisdiction due to improper service. *Id.* Ex. D 2. Randall also argued the state attorney tampered with evidence. *Id.*

2 – Opinion & Order

review of the state court order. Several abstention doctrines—in addition to the domestic relations exemption cited above—bar Randall's claims.

For example, Randall's complaints are clearly attempts at end runs around state court proceedings. Therefore, his claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Additionally, because his child support proceedings are ongoing, *Younger* abstention bars Plaintiff's claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). "Child support and custody proceedings implicate such important state interests that, even independent of *Younger*, federal courts are generally prohibited from interfering." *Nixon v. Division of Child Support*, 2025 WL 3466355 at *3 (D. Or. Dec. 2, 2025) (cleaned up).

/ / / /

/ / / /

/ / / /

/ / / /

3 – Opinion & Order

Because numerous abstention doctrines bar Plaintiff's claims, both actions must be dismissed. 28 U.S.C. § 1915(e)(2)., Plaintiff's applications for leave to proceed in forma pauperis are DENIED and these cases are DISMISSED. Any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 19th day of December 2025.

                                                  /s/ Michael McShane
                                                  Michael McShane
                                                  United States District Judge